1  Michael B. Reynolds (#174534)
   Jasmin Yang (#255254)
2  SNELL & WILMER L.L.P.
   600 Anton Boulevard
3  Suite 1400
   Costa Mesa, CA  92626-7689
4  Telephone: (714) 427-7000

5  Proposed Attorneys for Debtor Babytrend, Inc.

6

7

8                    **UNITED STATES BANKRUPTCY COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10                            **RIVERSIDE DIVISION**

11

12  In Re:                              | CASE NO. 6:09-bk-34090

13  BABYTREND, INC.,                    | Chapter 11 Proceeding

14              Debtor.                 | **NOTICE OF EMERGENCY MOTION AND**
                                        | **EMERGENCY MOTION BY DEBTOR**
15                                      | **FOR ENTRY OF AN ORDER**
                                        | **AUTHORIZING DEBTOR TO USE CASH**
16                                      | **COLLATERAL ON AN INTERIM BASIS**
                                        | **PENDING A FINAL HEARING;**
17                                      | **SUPPORTING MEMORANDUM OF**
                                        | **POINTS AND AUTHORITIES**
18
                                        | Hearing Information
19
                                        | Date:   October 14, 2009
20                                      | Time:   2:00 p.m.
                                        | Ctrm:   3420 Twelfth Street, Courtroom 303
21                                      |         Riverside, California 92501

22

23      To:   **THE HONORABLE SHERI BLUEBOND, UNITED STATES**

24  **BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND**

25  **ALL OTHER PARTIES ENTITLED TO NOTICE HEREOF:**

26          PLEASE TAKE NOTICE that at the above-stated time and date, in Courtroom 303 of the

27  above-captioned Court located at 3420 Twelfth Street, Riverside, California, Babytrend, Inc., the

28  Debtor and Debtor-in-Possession herein (the "Debtor"), will and hereby does respectfully move

*Snell & Wilmer* — L.L.P. — LAW OFFICES / 600 Anton Boulevard, Suite 1400 / Costa Mesa, California 92626-7689 / (714) 427-7000

the Court for an order authorizing it to use cash collateral on an emergency, interim basis pending

a final hearing in accordance with the Debtor's operating budget (the "Budget") a copy of which

is attached as Exhibit 1 hereto.  The Debtor proposes to use such cash collateral for: (1) payment

of the ordinary course costs of preservation, maintenance, and operation of the Debtor's business;

and (2) to fund the Debtor's payroll obligations, which are due on the 3rd and 18th of each month.

### EMERGENCY RELIEF IS REQUESTED

Pursuant to Local Bankruptcy Rules 2081-1(a), 4001-2(e), and 9075-1, the Debtor

requests that the Court consider the Debtor's Motion on an emergency basis so that any relief

granted may take effect as soon as possible, thereby authorizing the Debtor immediately upon

Court approval to use cash collateral to fund its ongoing and continuing business operations and

payroll expenses due on the 3rd and 18th of each month.

Pursuant to Bankruptcy Rules 4001(b)(2) and 4001(c)(2), while the Court cannot conduct

a final hearing on this Motion earlier than 15 days after service of this Motion, the Court may

conduct a preliminary hearing before such 15-day period expires to enable the Debtor to use cash

collateral as is necessary to avoid immediate and irreparable harm to the Debtor's estate pending

a final hearing.  For the reasons noted herein and in the accompanying Memorandum of Points

and Authorities, the Debtor must be able to pay expenses in accordance with the Budget pending

a final hearing in order to avoid immediate and irreparable harm to the Debtor's business and its

bankruptcy case.

**PLEASE TAKE NOTICE** that this Motion is based upon this Notice and Motion, the

Memorandum of Points and Authorities appended hereto, the Declarations of Michael B.

Reynolds and Denny Tsai concurrently filed herewith, the papers and pleadings on file in this

case, and such other evidence as may be presented to the Court.

**PLEASE TAKE NOTICE** that pursuant to Local Bankruptcy Rule 4001-2, the Debtor

represents that its proposed use of cash collateral will be pursuant to an order to be presented in

Court and does not and will not contain the following provisions:

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

56844.0002\YANGJ\SWDMS\10584055

| Provision | Proposed Order |
|---|---|
| Provisions that grant cross-collateralization protection (other than replacement liens or other adequate protection) to the prepetition secured creditors (i.e., clauses that secure prepetition debt by postpetition assets in which the secured creditor would not otherwise have a security interest by virtue of its prepetition security agreement or applicable law. | No. |
| Provisions or findings of fact that bind the estate or all parties in interest with respect to the validity, perfection, or amount of the secured creditor's prepetition lien or debt or the waiver of claims against the secured creditor. | No. |
| A provision that waives the estate's rights under 11 U.S.C. § 506(c) | No. |
| Provisions that grant to the prepetition secured creditor liens on the debtor's claims and causes of action arising under 11 U.S.C. §§ 544, 545, 547, 548, or 549. | No. |
| Use of postpetition loan from a prepetition secured creditor to pay part or all of that secured creditor's prepetition debt, other than as provided in 11 U.S.C. § 552(b). | No. |
| Provisions that provide disparate treatment for the professionals retained by a creditors' committee from that provided for the professionals retained by the debtor with respect to a professional fee carve-out. | No. |
| Provisions that prime any secured lien. | No. |

**PLEASE TAKE FURTHER NOTICE** that this Motion is being presented to the Court pursuant to the procedures set forth in Local Bankruptcy Rule 9075-1. Pursuant to such local rule, any response, written or oral, including any opposition or objection to the Motion may be presented at the time of the hearing on this Motion.

**PLEASE TAKE FURTHER NOTICE that counsel for DBS and counsel for the Debtor are currently discussing the terms of a stipulation re: use of cash collateral; however, no agreement has yet been reached.** However, the parties have discussed and are in the midst of negotiating a stipulation which may contain the following terms:

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

| Provision | Proposed Order |
|---|---|
| Provisions that grant cross-collateralization protection (other than replacement liens or other adequate protection) to the prepetition secured creditors (i.e., clauses that secure prepetition debt by postpetition assets in which the secured creditor would not otherwise have a security interest by virtue of its prepetition security agreement or applicable law. | No. |
| Provisions or findings of fact that bind the estate or all parties in interest with respect to the validity, perfection, or amount of the secured creditor's prepetition lien or debt or the waiver of claims against the secured creditor. | Yes. |
| A provision that waives the estate's rights under 11 U.S.C. § 506(c) | Yes. |
| Provisions that grant to the prepetition secured creditor liens on the debtor's claims and causes of action arising under 11 U.S.C. §§ 544, 545, 547, 548, or 549. | Yes. |
| Use of postpetition loan from a prepetition secured creditor to pay part or all of that secured creditor's prepetition debt, other than as provided in 11 U.S.C. § 552(b). | No. |
| Provisions that provide disparate treatment for the professionals retained by a creditors' committee from that provided for the professionals retained by the debtor with respect to a professional fee carve-out. | No. |
| Provisions that prime any secured lien. | No. |

WHEREFORE, the Debtor respectfully requests that this Court enter an Order:

(a)    affirming the adequacy of the notice given;

(b)    granting the Motion on an interim basis pending a final hearing thereon;

(c)    authorizing the Debtor to use cash collateral to pay all of the expenses set forth in the Budget, with authority to deviate from the budget by not more than 20% on an aggregate basis;

(d)    setting a final hearing on the Motion; and

(e)    granting such other and further relief as the Court deems just and proper.

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

1      This Motion is based on this Notice of Motion and Motion, the following Memorandum

2  of Points and Authorities, the Declaration of Denny Tsai in Support of First Day Motions filed

3  concurrently herewith, the Declaration of Michael B. Reynolds re Telephonic Notice, and on such

4  other and further matters as the Court may allow.

5

6  Dated: October 12, 2009              Respectfully submitted,

7                            SNELL & WILMER L.L.P.

8

9                   By:    /s/ Michael B. Reynolds

10                         Michael B. Reynolds
Jasmin Yang

11                         [proposed] Attorneys for Babytrend, Inc.,
Debtor and Debtor-in-Possession herein

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## CASE BACKGROUND AND SUMMARY OF THE MOTION

### A.  Bankruptcy Filing and Jurisdiction.

On October 9, 2009, Babytrend, Inc. ("Babytrend" or the "Debtor") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code. *See* "Declaration of Denny Tsai in Support of Emergency First Day Motions" ("Tsai Decl."), ¶ 5. The Debtor is operating and managing its financial affairs as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Code. The Debtor's business operations consist of the manufacture, marketing, and sales of infant and toddler-related products, such as strollers, car seats, high chairs, walkers, nursery items, and travel systems. Tsai Decl., ¶ 7. The Debtor is a worldwide leader in its industry and is well-regarded and well-known for offering innovative and functional products at affordable prices. Tsai Decl., ¶ 8. The Debtor has annual sales revenue between $42 Million and $45 Million, and employs approximately 45 employees at its Ontario, California facilities. Tsai Decl., ¶¶ 6, 9.

The Debtor is operationally solvent. Tsai Decl., ¶ 14. This bankruptcy filing was designed primarily to put a halt to certain litigation affecting the Debtor and in particular to prevent Robert Gardner, a judgment creditor, from seizing the Debtor's assets and taking other actions that might be catastrophic to the Debtor's ongoing operations. Specifically, the Debtor is the subject of an $8,099,772.00 judgment entered on or about October 5, 2009 (the "Judgment") by the Orange County Superior Court (the "State Court") in favor of Mr. Gardner.[1] Tsai Decl., ¶ 10. Mr. Tsai is also liable for a portion of the judgment, in the amount of $1,786,946 (exclusive of costs), the entire amount of which is joint and several with the Debtor. *Id.*

The Court has jurisdiction over this matter pursuant to 28 U.S.C. Sections 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. Section 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. Sections 1408 and 1409.

---

[1]  This amount does not include costs or attorney's fees.

56844.0002\YANGJ\SWDMS\10584055

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

**B.    Pre-Petition Credit Facility with DBS, Ltd.**

Prior to the Petition Date, the Debtor financed its operations through a credit facility/loan from DBS, Ltd. pursuant to a Loan Agreement and Security Agreement, pursuant to which Babytrend granted DBS a security interest in its personal property, including its cash, accounts, inventory, and accounts receivable. Tsai Decl., ¶ 12.

DBS asserts that it holds a valid, perfected, and enforceable security interest in the Debtor's personal property, including the assets that constitute "cash collateral" as defined in Section 363(a) of the Bankruptcy Code. *Id.* The Debtor does not contest this assertion for purposes of this motion. The Debtor expects to be able to continue operating from cash flow post-petition, and does not anticipate needing to borrow additional sums from the DBS facility. Tsai Decl., ¶ 14. However, the Debtor cannot survive without access to its cash flow, which is encumbered by DBS' lien. Tsai Decl., ¶ 15.

The total amount of available credit on the DBS credit line is $8.5 Million, of which approximately $7.2 Million was outstanding as of the petition date. Tsai Decl., ¶ 12. Since the filing of the bankruptcy, Babytrend has segregated DBS' cash collateral and has not used any. Tsai Decl., ¶ 15.

**C.    Bankruptcy Rule 4001 and Concise Statement of Relief.**

1.    Relief Requested.

The Debtor seeks an order authorizing it to use cash collateral on an emergency basis to fund its operations, including its payroll expenses due on the 3rd and 18th of each month, its operating expenses, including its utility, manufacturing, shipping and administration expenses. The Debtor requests that the Court authorize the use of cash collateral on an interim basis, pending the Court's conduct of a final hearing on the Motion.

2.    Name of Each Entity with a Claim to an Interest in Cash Collateral.

The Debtor believes that DBS, Ltd. is the only entity that may be holding or claiming an interest in the Debtor's property that generates cash collateral.

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

3. <u>Purpose and Use of Cash Collateral.</u>

The Debtor proposes to use cash collateral to pay those expenses and in those amounts set forth in the attached proposed Budget. These expenses include, but are not limited to, funding the Debtor's ordinary course business expenses, including but not limited to payroll that is due October 18, 2009, as well as the Debtor's insurance, utility, manufacturing expenses, shipping expenses, and the like.

The Debtor believes that it has the potential to continue to be a profitable and growing business with significant going concern value. If given an opportunity during this bankruptcy case to sustain its normal business operations, the Debtor believes it can confirm a plan of reorganization that maximizes value for the Debtor's creditors and preserves the going concern value of the business. To accomplish this goal, however, the Debtor must continue to operate. The Debtor attaches a proposed budget to this Motion (the "Budget") as Exhibit 1. The Budget sets forth the Debtor's anticipated cash needs for approximately three months, through January 8, 2010, and may be amended or modified during the interim period until a final hearing on the Motion can be held. As set forth in the Budget, the Debtor requires cash for its business operations, which in turn generate inventory and receivables. Because budget projections are forward-looking, they can never be entirely accurate. Thus, to protect the Debtor against unpredictable fluctuations in expenses and costs, the Debtor requests that it be permitted the flexibility to increase expenditures by up to 20% in the aggregate. Under this structure, the Debtor will have the flexibility to operate its business without disruption.

4. <u>Duration of Use of Cash Collateral.</u>

The Debtor proposes to use cash collateral first, to and through the date fixed by the Court for the conduct of the final cash collateral hearing. At the final hearing, the Debtor will seek authority to continue using cash collateral for the duration of the case.

5. <u>Explanation of Adequate Protection.</u>

The Debtor proposes as and for adequate protection for its use of cash collateral that: (1) the use of cash collateral will fund the expenses of preserving, maintaining and operating the Debtor's business operations subject to a claim of cash collateral for the benefit of DBS, Ltd.; (2)

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

1   the use of cash collateral is subject to the proposed Budget and thus DBS, Ltd. is provided

2   adequate protection in knowing the purpose and amount of the cash collateral's use; and (3) it

3   appears to the Debtor that DBS, Ltd.'s interest in cash collateral will not be diminished by such

4   use, or through the passage of time.

5        Furthermore, DBS is adequately protected by its equity cushion in the Debtor's property.

6   The Debtor estimates its current liability on the DBS loan at $7.2 Million. Tsai Decl., ¶ 12.

7   However, the value of the Debtor's accounts receivable, inventory and cash on hand is $7.7

8   Million, $4.4 Million and $1.2 Million, respectively, for an aggregate amount of $13.1 Million.

9   Tsai Decl., ¶ 13. As set forth in the Debtor's proposed budget, the Debtor expects the aggregate

10  value of these items to increase by $530,000 by the end of the 13-week (91-day) period. Tsai

11  Decl., ¶ 13.

12       Thus, the Debtor's business operations are sufficient to meet the Debtor's expenses and to

13  preserve and maintain the value of DBS' collateral. The Debtor does not believe that any security

14  interests in the Debtor's real or personal property would be adversely affected by the proposed

15  use of cash collateral.

16                              **II.**

17                     **LEGAL ARGUMENT**

18       The Debtor seeks the Court's consent to use cash collateral generated by the Debtor's

19  business operations to fund the operating expenses of the Debtor's business, including, but not

20  limited to the Debtor's payroll expenses. Courts routinely permit the use of cash collateral to

21  fund the operation of debtors' businesses and find that the use of cash collateral inures to the

22  benefit of secured parties as the operation of the debtor businesses preserves the value of the

23  secured creditor's collateral.

24

25  A.    **Statutory Framework for the Use of Cash Collateral.**

26       Section 363 of the Bankruptcy Code governs the use of cash collateral and defines cash

27  collateral as "cash, negotiable instruments, documents of title, securities, deposit accounts or

28  other cash equivalents in which the estate and an entity other than the estate have an interest." 11

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

1   U.S.C. § 363(a).  Section 363(c)(2) establishes a special requirement under the Bankruptcy Code

2   with respect to cash collateral providing that the trustee use cash collateral under subsection (c)(1)

3   if: "(A) each entity that has an interest in such cash collateral consents; or (B) the court, after

4   notice and a hearing, authorizes such use, sale or lease in accordance with the provisions of this

5   section."

6        One of the provisions of Section 363 is Section 363(e), which provides in pertinent part:

7

8        Notwithstanding any other provision of this section, at any time, on
         request of an entity that has an interest in property used, sold,
         leased or proposed to be used, sold, or leased, by the trustee, the
9        court, with or without a hearing, shall prohibit or condition such
         use, sale or lease as is necessary to provide adequate protection of
10       such interest.

11

12       The Debtor brings the Motion to obtain the requisite permission to use cash collateral for

13   the operation of the Debtor's business.

14

15   **B.    <u>The Court May Authorize the Use of Cash Collateral on an Interim and
         Emergency Basis</u>**

16       The Court may authorize the Debtor's interim use of Cash Collateral to avoid immediate

17   and irreparable harm to the Debtor's business and its estate.  Pursuant to Federal Rule of

18   Bankruptcy Procedure 4001(b)(2), the Court may commence a final hearing on a motion for

19   authorization to use cash collateral no earlier than 15 days after service of the motion, and may

20   authorize the use of cash collateral only to the extent necessary to avoid immediate and

21   irreparable harm to the estate pending a final hearing.  *See In re Center Wholesale, Inc.*, 759 F.2d

22   1440, 1449 (9th Cir. 1985) (noting the important of emergency relief allowing use of cash

23   collateral during the commencement of a case).

24       As set forth above, it is critical that the Debtor be authorized to pay its expenses pursuant

25   to the Budget immediately and uninterrupted in the ordinary course of its business.  Most

26   significantly, the Debtor has a payroll due on the 3rd and 18th of each month.  Furthermore, the

27   Debtor must continue to pay for inventory to generate new accounts receivables.  The Debtor

28

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

1    must be able to pay for the manufacturing and purchase of the inventory in accordance with its

2    agreements with manufacturing facilities and with retailers.  In the event it is unable to do so, the

3    manufacturing and the shipment of its inventory will cease.  If the Debtor is not permitted to pay

4    its employees and other critical expenses immediately and in the ordinary course of it business,

5    the Debtor will likely be required to cease operations temporarily, which will be extremely

6    damaging, if not fatal, to the Debtor's business.  Therefore, the Debtor's interim use of cash

7    collateral is necessary to avoid immediate and irreparable harm to the Debtor and its bankruptcy

8    estate.

9         The Debtor requests that the Court set a final hearing as soon as the Court's calendar

10   permits on a date approximately 15-20 days from the date of the initial hearing on the Motion,

11   and authorize the Debtor to use cash collateral in accordance with the Budget on an interim basis

12   pending such final hearing.

13   **C.    Use of Cash Collateral for Operating Expenses is Permitted and DBS, Ltd.**
14   **Will Be Adequately Protected by the Continued Operation of the Debtor's**
15   **Business.**

16        The Debtor's continued operation of its business provides adequate protection for DBS,

17   Ltd.'s interest in the cash collateral.  The use of cash collateral for the preservation of the value of

18   a secured creditor's lien is in and of itself sufficient to provide adequate protection to a secured

19   creditor for the use of those funds.  *Federal Nat'l Mortgage v. Dacon Bollingsbrook Assoc.'s*

20   *L.P.*, 153 B.R. 204, 214 (N.D. Ill. 1993); *In re Triplett*, 87 B.R. 25 (Bankr. W.D. Tex. 1988); *In*

21   *re Stein*, 19 B.R. 458, 460 (Bankr. E.D. Pa. 1982); *In re Oak Glenn R-Vee*, 8 B.R. 213, 216

22   (Bankr. C.D. Cal. 1981).  As a general rule, a debtor may use cash collateral where such use

23   would enhance or preserve the value of the collateral.  *In re Stein*, 18 B.R. at 460 (finding that

24   ongoing business operations of debtor's farming operations increased the creditor's secured

25   position).  *See also In re McCombs Properties VI, Ltd.*, 88 B.R. 261, 267 (Bankr. C.D. Cal.

26   1988) (granting use of cash collateral and finding that debtor's use of cash collateral for needed

27   repairs, renovations and operating expenses would eliminate the risk of diminution of the secured

28   creditor's interest in cash collateral and would actually increase the Debtor's rental income).  The

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

1    ordinary and customary costs of maintenance, operation and preservation of property are

2    expenses that preserve and enhance the value of a secured creditor's interest in cash collateral.

3    Such expenses are the same expenses that a lender or a lender's receiver would have to pay to

4    preserve and protect the property.  The Debtor's use of cash collateral will preserve and increase

5    the value of DBS, Ltd.'s collateral.

6        As reflected in the Budget, the Debtor's continued operation and maintenance of its

7    operations will adequately protect DBS, Ltd. as the aggregate value of cash collateral and

8    inventory over the next 13 weeks will increase.  The Debtor's operations are sufficient to meet the

9    Debtor's expenses and to preserve and maintenance DBS' collateral position.  The Debtor does

10   not believe that any security interests in the Debtor's real or personal property would be adversely

11   affected by the proposed use of cash collateral.

12       The use of cash collateral is critical to the Debtor's ability to implement an effective

13   reorganization strategy for the benefit of all creditors.  As demonstrated herein, the use of the

14   Debtor's cash collateral, in accordance with the Budget, will preserve and maximize the Debtor's

15   assets for the benefit of the estate and all creditors.  If the Debtor is authorized to use its cash

16   collateral, the Debtor will be able to continue maintaining its operations and generating cash flow.

17   The use of cash collateral will enhance the prospect of the Debtor's reorganization.

18

19       **D.    Notice.**

20       In order to provide maximum notice of the Motion, concurrently with the filing of this

21   Motion with the Court, the Debtor will have served a copy of this Motion and all supporting

22   papers on the Office of the United States Trustee, all secured creditors and their counsel (if

23   known), the Debtor's 20 largest unsecured creditors in the United States and via overnight mail,

24   for delivery by 9:00 a.m. Pacific Daylight Savings Time (on October 13, 2009), as per the Court's

25   instructions.  Certain creditors located in the People's Republic of China have authorized the

26   Debtor to serve copies of the moving papers electronically and, as a result, the Debtor will have

27   done so before the 9:00 a.m. on October 13, 2009.

28

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

1

### III.

2

### <u>CONCLUSION</u>

3

4

WHEREFORE, the Debtor respectfully requests that this Court enter an order:

5

     (a)     affirming the adequacy of the notice given;

6

     (b)     granting the Motion on an interim basis pending a final hearing thereon;

7

     (c)     authorizing the Debtor to use cash collateral to pay all of the expenses set forth in

8

the Budget, with authority to deviate from the line items contained in the Budget by not more

9

than 20% on an aggregate basis;

10

     (d)     setting a final hearing on the Motion; and

11

     (e)     granting such other and further relief as the Court deems just and proper.

12

13

Dated:  October 12, 2009

Respectfully submitted,

14

SNELL & WILMER L.L.P.

15

16

By:    /s/ Michael B. Reynolds

Michael B. Reynolds

17

Jasmin Yang

[Proposed] Counsel for Babytrend, Inc.

18

19

20

21

22

23

24

25

26

27

28

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

# EXHIBIT 1

# EXHIBIT 1

4128106.1

## BABY TREND, INC.
### WEEKLY CASH FLOW PROJECTION

| | Week 1 WEEKLY PROJECTION 10/16/09 | Week 2 WEEKLY PROJECTION 10/23/09 | Week 3 WEEKLY PROJECTION 10/30/09 | Week 4 WEEKLY PROJECTION 11/6/09 | Week 5 WEEKLY PROJECTION 11/13/09 | Week 6 WEEKLY PROJECTION 11/20/09 | Week 7 WEEKLY PROJECTION 11/27/09 | Week 8 WEEKLY PROJECTION 12/04/09 |
|---|---|---|---|---|---|---|---|---|
| BEGINNING BALANCE | 1,196,159 | 1,238,792 | 1,281,433 | 1,324,075 | 1,355,571 | 1,387,067 | 1,418,563 | 1,450,059 |
| COLLECTIONS | 1,298,248 | 1,298,248 | 1,298,248 | 1,135,674 | 1,135,674 | 1,135,674 | 1,135,674 | 1,000,000 |
| Total Cash Available | 2,494,398 | 2,537,040 | 2,579,682 | 2,459,749 | 2,491,245 | 2,522,741 | 2,554,237 | 2,450,059 |
| **DISBURSEMENTS** | | | | | | | | |
| Purchase | 1,065,026 | 1,065,026 | 1,065,026 | 913,597 | 913,597 | 913,597 | 913,597 | 835,700 |
| Advertising Expenses | 1,149 | 1,149 | 1,149 | 1,149 | 1,149 | 1,149 | 1,149 | 1,149 |
| Bank Charges | 3,003 | 3,003 | 3,003 | 3,003 | 3,003 | 3,003 | 3,003 | 3,003 |
| Commissions | 14,845 | 14,845 | 14,845 | 14,845 | 14,845 | 14,845 | 14,845 | 14,845 |
| Computer Support | 399 | 399 | 399 | 399 | 399 | 399 | 399 | 399 |
| Delivery & Freightout | 9,002 | 9,002 | 9,002 | 9,002 | 9,002 | 9,002 | 9,002 | 9,002 |
| Donation | 718 | 718 | 718 | 718 | 718 | 718 | 718 | 718 |
| EDI Processing Fees | 296 | 296 | 296 | 296 | 296 | 296 | 296 | 296 |
| Insurance | 8,781 | 8,781 | 8,781 | 8,781 | 8,781 | 8,781 | 8,781 | 8,781 |
| Interest Expense | 4,442 | 4,442 | 4,442 | 4,442 | 4,442 | 4,442 | 4,442 | 4,442 |
| Legal and Professional Fees | 61,642 | 61,642 | 61,642 | 61,642 | 61,642 | 61,642 | 61,642 | 61,642 |
| Meals and Entertainment | 367 | 367 | 367 | 367 | 367 | 367 | 367 | 367 |
| Office Expenses and Supplies | 1,274 | 1,274 | 1,274 | 1,274 | 1,274 | 1,274 | 1,274 | 1,274 |
| Outside Services | 271 | 271 | 271 | 271 | 271 | 271 | 271 | 271 |
| Postage | 3,211 | 3,211 | 3,211 | 3,211 | 3,211 | 3,211 | 3,211 | 3,211 |
| Payroll Taxes | 736 | 736 | 736 | 736 | 736 | 736 | 736 | 736 |
| Postage | 3,911 | 3,911 | 3,911 | 3,911 | 3,911 | 3,911 | 3,911 | 3,911 |
| Product Design | 11,752 | 11,752 | 11,752 | 11,752 | 11,752 | 11,752 | 11,752 | 11,752 |
| Rent | 226 | 226 | 226 | 226 | 226 | 226 | 226 | 226 |
| Repairs and Maintenance | 10,454 | 10,454 | 10,454 | 10,454 | 10,454 | 10,454 | 10,454 | 10,454 |
| Royalty & Licensing fees | 38,261 | 38,261 | 38,261 | 38,261 | 38,261 | 38,261 | 38,261 | 38,261 |
| Salaries and Wages | 3,802 | 3,802 | 3,802 | 3,802 | 3,802 | 3,802 | 3,802 | 3,802 |
| Show Expenses | 459 | 459 | 459 | 459 | 459 | 459 | 459 | 459 |
| Taxes & Licenses | 7,174 | 7,174 | 7,174 | 7,174 | 7,174 | 7,174 | 7,174 | 7,174 |
| Telephone | 709 | 709 | 709 | 709 | 709 | 709 | 709 | 709 |
| Testing Expenses | 868 | 868 | 868 | 868 | 868 | 868 | 868 | 868 |
| Travels | 504 | 504 | 504 | 504 | 504 | 504 | 504 | 504 |
| Utilities | 2,324 | 2,324 | 2,324 | 2,324 | 2,324 | 2,324 | 2,324 | 2,324 |
| Warehouse Supplies | | | | | | | | |
| Total Disbursements | 1,238,792 | 1,255,607 | 1,255,607 | 1,104,178 | 1,104,178 | 1,104,178 | 1,104,178 | 1,016,281 |
| Ending Cash Balance | 1,255,607 | 1,281,433 | 1,324,075 | 1,355,571 | 1,387,067 | 1,418,563 | 1,450,059 | 1,433,778 |

1 of 4

014

**BABY TREND, INC.**
**WEEKLY CASH FLOW PROJECTION**

| | Week 9 WEEKLY PROJECTION 12/1/09 | Week 10 WEEKLY PROJECTION 12/8/09 | Week 11 WEEKLY PROJECTION 12/25/09 | Week 12 WEEKLY PROJECTION 01/01/10 | Week 13 WEEKLY PROJECTION 01/08/10 |
|---|---|---|---|---|---|
| BEGINNING BALANCE | 1,433,778 | 1,417,497 | 1,401,217 | 1,384,936 | 1,537,580 |
| COLLECTIONS | 1,000,000 | 1,000,000 | 1,000,000 | 900,000 | 900,000 |
| Total Cash Available | 2,433,778 | 2,417,497 | 2,401,217 | 2,284,936 | 2,437,580 |
| DISBURSEMENTS | | | | | |
| Purchase | 825,700 | 825,700 | 825,700 | 556,775 | 556,775 |
| Advertising Expenses | 1,149 | 1,149 | 1,149 | 1,149 | 1,149 |
| Bank Charges | 3,003 | 3,003 | 3,003 | 3,003 | 3,003 |
| Commissions | 14,845 | 14,845 | 14,845 | 14,845 | 14,845 |
| Computer Support | 399 | 399 | 399 | 399 | 399 |
| Delivery & Freight-out | 9,002 | 9,002 | 9,002 | 9,002 | 9,002 |
| Donation | 718 | 718 | 718 | 718 | 718 |
| EDI Processing Fees | 296 | 296 | 296 | 296 | 296 |
| Insurance | 8,781 | 8,781 | 8,781 | 8,781 | 8,781 |
| Interest Expense | 4,442 | 4,442 | 4,442 | 4,442 | 4,442 |
| Legal and Professional Fees | 61,642 | 61,642 | 61,642 | 61,642 | 61,642 |
| Meals and Entertainment | 367 | 367 | 367 | 367 | 367 |
| Office Expenses and Supplies | 1,274 | 1,274 | 1,274 | 1,274 | 1,274 |
| Outside Services | 271 | 271 | 271 | 271 | 271 |
| Payroll Taxes | 3,211 | 3,211 | 3,211 | 3,211 | 3,211 |
| Postage | 736 | 736 | 736 | 736 | 736 |
| Product Design | 3,911 | 3,911 | 3,911 | 3,911 | 3,911 |
| Rent | 11,752 | 11,752 | 11,752 | 11,752 | 11,752 |
| Repairs and Maintenance | 226 | 226 | 226 | 226 | 226 |
| Royalty & Licensing fees | 10,454 | 10,454 | 10,454 | 10,454 | 10,454 |
| Salaries and Wages | 38,261 | 38,261 | 38,261 | 38,261 | 38,261 |
| Show Expenses | 3,802 | 3,802 | 3,802 | 3,802 | 3,802 |
| Taxes & Licenses | 459 | 459 | 459 | 459 | 459 |
| Telephone | 709 | 709 | 709 | 709 | 709 |
| Testing Expenses | 7,174 | 7,174 | 7,174 | 7,174 | 7,174 |
| Travels | 868 | 868 | 868 | 868 | 868 |
| Utilities | 504 | 504 | 504 | 504 | 504 |
| Warehouse Supplies | 2,324 | 2,324 | 2,324 | 2,324 | 2,324 |
| Total Disbursements | 1,016,281 | 1,016,281 | 1,016,281 | 747,356 | 747,356 |
| Ending Cash Balance | 1,417,497 | 1,401,217 | 1,384,936 | 1,537,580 | 1,689,224 |

**BABY TREND, INC.**
**AR AGING WEEKLY REPORT**

| WEEK | 0-30 DAYS | 31-60 DAYS | 61-90 DAYS | 91+ DAYS | GRAND TOTAL |
|------|-----------|------------|------------|----------|-------------|
| 10/9/2009 | 4,478,688 | 2,668,488 | 445,723 | 174,670 | 7,767,569 |

016

**BABY TREND, INC.**
**INVENTORY SALES SUMMARY**

| | | |
|---|---|---|
| Beginning Inventory | 10/2/2009 | 4,770,383 |
| Ending Inventory | 10/9/2009 | 4,462,605 |
| **Increase (Decrease)** | | (307,778) |
| Sales | 10/2/09 - 10/9/09 | 1,662,594 |

017

| | |
|---|---|
| In re:  Baby Trend, Inc. | CHAPTER  11 |
| Debtor(s). | CASE NUMBER 6:09-bk-34090 |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:  600 Anton Boulevard, Suite 1400, Costa Mesa, CA  92614

A true and correct copy of the foregoing document described as **NOTICE OF EMERGENCY MOTION AND EMERGENCY MOTION BY DEBTOR FOR ENTRY OF AN ORDER AUTHORIZING DEBTOR TO USE CASH COLLATERAL ON AN INTERIM BASIS PENDING A FINAL HEARING; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On October 12, 2009, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- United States Trustee (RS)    ustpregion16.rs.ecf@usdoj.gov

☐ Service information continued on attached page

II.  **SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On October 12, 2009, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

III.  **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on October 12, 2009 I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

Judge Sheri A. Bluebond                    (via personal delivery)
United States Bankruptcy Court
Central District
255 E. Temple Street
Los Angeles, CA  90012-3300

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| Date   October 12, 2009    Type Name:  Kimberly A. Collins | Signature  /s/ Kimberly A. Collins |
|---|---|

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                                F 9013-3.1

| In re: Baby Trend, Inc. | CHAPTER 11 |
| Debtor(s). | CASE NUMBER 6:09-bk-34090 |

**CONTINUATION FROM SECTION I:** TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF

- 

**CONTINUATION FROM SECTION II:** TO BE SERVED BY U.S. MAIL OR OVERNIGHT MAIL (indicate method for each person or entity served)

**ALL SERVED VIA FEDERAL EXPRESS, FIRST MORNING DELIVERY**

**US Trustee**
Office of United States Trustee
3685 Main Street Suite 300
Riverside, CA  92501

**Secured Creditors:**

DBS Bank
445 S Figueroa St Suite 3550
Los Angeles, CA  90071

**Attorneys for DBS Bank:**
Stephen Warren
Casey Boyle
O'Melveny & Myers LLP
400 South Hope Street
Los Angeles, CA  90071

**20 Largest Unsecured Creditors:**

Robert Gardner co Steven R Young
Law Offices of Steven R Young
600 Anton Blvd Suite 650
Costa Mesa, CA  92626

Universal Plastic Mold
13245 Los Angeles St
Baldwin, CA  91706

Continental Agency Inc
1400 Montefino Ave Suite 200
Diamond Bar, CA  91765

MDB Transportation
6802 Watcher St
Commerce, CA  90040

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

F 9013-3.1

| In re: Baby Trend, Inc. | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER 6:09-bk-34090 |

**CONTINUATION FROM SECTION III:** TO BE SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (indicate method for each person or entity served)

- Grand Pacific Trading Group  richard@grandpacific.twmail.net

- Childwell Enterprise Corp   Yvonne_tee@childwell.biz

- Zhejiang Ch Lindo Co Ltd.   donna@chbab.cn

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                      **F 9013-3.1**