1  Michael B. Reynolds (#174534)
   *mreynolds@swlaw.com*
2  Jasmin Yang (#255254)
   *jyang@swlaw.com*
3  SNELL & WILMER L.L.P.
   600 Anton Boulevard
4  Suite 1400
   Costa Mesa, CA 92626-7689
5  Telephone: (714) 427-7000
   Facsimile: (714) 427-7799
6
   Attorneys for Debtor Baby Trend, Inc.
7

8                 **UNITED STATES BANKRUPTCY COURT**

9                 **CENTRAL DISTRICT OF CALIFORNIA**

10                         **RIVERSIDE DIVISION**

11

12 | In Re:                          | CASE NO. 6:09-bk-34090 CB
13 | BABY TREND, INC.,               | Chapter 11 Proceeding
14 |            Debtor.              | **NOTICE OF MOTION AND MOTION BY DEBTOR FOR ORDER EXTENDING EXCLUSIVE PERIODS WITHIN WHICH TO PROPOSE A CHAPTER 11 PLAN AND TO SOLICIT ACCEPTANCES THERETO; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF MICHAEL REYNOLDS**
18 |                                 | Date: November 23, 2010
   |                                 | Time: 2:00 p.m.
19 |                                 | Place: 3420 Twelfth Street, Courtroom 303
   |                                 |        Riverside, California 92501

22  **TO THE HONORABLE CATHERINE BAUER, UNITED STATES**

23  **BANKRUPTCY JUDGE; THE OFFICE OF THE UNITED STATES TRUSTEE;**

24  **CATHAY BANK, AND ALL OTHER PARTIES ENTITLED TO NOTICE:**

25  **PLEASE TAKE NOTICE** that Baby Trend, Inc., debtor and debtor in possession in the

26  above-captioned chapter 11 case (the "Debtor") hereby moves the Court for an order extending

27  the periods within which the Debtor has the exclusive right to propose a Chapter 11 plan and to

28  solicit acceptances thereto (the "Exclusivity Periods"). This motion (the "Motion") constitutes

56844.0004\YANGJ\SWDMS\12139695

the Debtor's fifth request for an extension of the Exclusivity Periods. Following the Debtor's first motion to extend the Exclusivity Periods, the Court extended the Debtor's exclusive period to propose a Chapter 11 plan to March 25, 2010, and the Debtor's exclusive period to solicit acceptances to its Chapter 11 plan to May 24, 2010. *See* docket entry no. 79. Following the Debtor's second motion to extend the Exclusivity Periods, the Court extended the Debtor's exclusive period to propose a Chapter 11 plan to June 30, 2010 and the Debtor's exclusive period to solicit acceptances to its Chapter 11 plan to August 23, 2010. *See* docket entry no. 99. Following the Debtor's third motion to extend the Exclusivity Periods, the Court extended the Debtor's exclusive period to propose a Chapter 11 plan to September 20, 2010, and the Debtor's exclusive period to solicit acceptances to its Chapter 11 plan to November 19, 2010. *See* docket entry no. 108. Following the Debtor's fourth motion to extend the Exclusivity Periods, the Court extended the Debtor's exclusive period to propose a Chapter 11 plan to November 29, 2010 and the Debtor's exclusive period to solicit acceptances to its Chapter 11 plan to January 28, 2011. *See* docket entry no. 131.

The Debtor filed its voluntary Chapter 11 petition on October 9, 2009. On July 26, 2010, even before its exclusive period to propose a plan of reorganization expired, the Debtor filed its "Disclosure Statement Describing Chapter 11 Plan of Reorganization Proposed by Baby Trend, Inc." (the "Disclosure Statement"). *See* docket entry no. 116. During October 26, 2010 hearing concerning the approval of the Disclosure Statement, the Court approved the Disclosure Statement and set a schedule for plan confirmation proceedings. By this Motion, the Debtor seeks to extend the current Exclusivity Periods for approximately sixty (60) additional days, to January 27, 2011 and February 28, 2011, respectively.

The Debtor believes that a brief extension of the Exclusivity Periods is necessary in order to facilitate the plan confirmation proceedings and allow sufficient time for the Debtor to submit its Plan of Reorganization (the "Plan") to creditors for voting, to complete the balloting process, and to complete negotiations with Joovy, LLC ("Joovy"), the only potentially significant creditor whose support for the Plan the Debtor has not yet enlisted. In the meantime, the Debtor believes that being forced to respond to competing plans would significantly hamper those negotiations as

56844.0004\YANGJ\SWDMS\12139695

well as its progress towards Plan confirmation.  This Court already approved the Disclosure Statement on October 26, 2010.  Exclusivity should be continued for a short time to allow the Debtor to bring its reorganization case to a successful conclusion.

**PLEASE TAKE FURTHER NOTICE** that any interested party opposing, joining, or responding to the Motion must file and serve on the Debtor and the Office of the United States Trustee not later than 14 days before the hearing date either: (1) a complete written statement of all reasons in opposition thereto or in support or joinder thereof, declarations and copies of all photographs and documentary evidence on which the responding party intends to rely, and any responding memorandum of points and authorities; or (2) a written statement that the motion will not be opposed.  Failure to file a response and/or request a hearing on the Motion may be regarded as consent to the relief requested by the Debtor herein.

Dated: November 2, 2010

Respectfully submitted,

SNELL & WILMER L.L.P.

By: /s/ Michael B. Reynolds
Michael B. Reynolds
Jasmin Yang
Attorneys for Baby Trend, Inc.

56844.0004\YANGJ\SWDMS\12139695

- 3 -

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION AND JURISDICTION

Good cause exists for a short extension of the Exclusivity Periods given the current Plan confirmation schedule and the Debtor's substantial progress towards confirming its Plan. This progress includes (after significant efforts at negotiation) redrafting the Plan so that the Debtor's most significant general unsecured creditors – Joovy and its owner, Robert Gardner ("Gardner") – would not object to the Plan. These efforts succeeded with respect to Gardner, who has indicated his consent to the Plan. The Court approved the Debtor's disclosure statement describing that Plan (the "Disclosure Statement") at a hearing held on October 26, 2010. However, Joovy has not yet proposed any alternative to the treatment specified for its "claim"[1] and the Debtor anticipates a continuing dialogue until the issue is resolved. Meanwhile, the Court scheduled the Plan confirmation hearing for December 21, 2010.

Unfortunately, Exclusivity is scheduled to expire after November 29, 2010. Accordingly, to facilitate Plan negotiations and to give the Debtor sufficient breathing space to complete the reorganization process, the Debtor respectfully requests an extension of the Exclusivity Periods to January 27, 2011, and March 29, 2011.

The Debtor commenced this case by filing its voluntary petition under chapter 11 of the Bankruptcy Code on October 9, 2009 (the "Petition Date"). The Debtor has remained in possession of its assets and has been operating its business as a debtor and debtor in possession.

This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this Debtor's chapter 11 case and the Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b). The statutory predicate for the relief requested herein is Section 1121 of Title 11 of the United States Code (the "Code" and/or the "Bankruptcy Code").

---

[1] Recall that Gardner's $9.9 million claim is based on a state court judgment in his favor, while Joovy's $36 million claim is based on a claim in which the Texas federal district court already ruled *against* it.

56844.0004\YANGJ\SWDMS\12139695

- 4 -

## II.

## **STATEMENT OF FACTS**

**A.    General Background.**

The Debtor's business operations consist of marketing and selling infant and toddler-related products, such as strollers, car seats, high chairs, walkers, nursery items, and travel systems. The Debtor is a worldwide leader in its industry and is well-regarded and well-known for offering high quality, functional products at affordable prices. Over the past three years, the Debtor has enjoyed annual sales revenues of roughly $42 million, $49 million and $62 million, and expects that once it is able to close its books on 2010, will discover that its gross sales have increased to at least $85 million. The Debtor strongly believes that its sales will continue to increase in the future. The Debtor is headquartered in Ontario, where it employs approximately fifty people.

**B.    Previous Requests for Extension of the Exclusivity Periods.**

The Debtor is seeking a limited, approximately 60-day, extension of the Exclusivity Periods. Following the Debtor's first motion to extend the Exclusivity Periods, the Court extended the Debtor's exclusive period to propose a Chapter 11 plan to March 25, 2010, and the Debtor's exclusive period to solicit acceptances to its Chapter 11 plan to May 24, 2010. *See* docket entry no. 79. Following the Debtor's second motion to extend the Exclusivity Periods, the Court extended the Debtor's exclusive period to propose a Chapter 11 plan to June 30, 2010 and the Debtor's exclusive period to solicit acceptances to its Chapter 11 plan to August 23, 2010. *See* docket entry no. 99. Following the Debtor's third motion to extend the Exclusivity Periods, the Court extended the Debtor's exclusive period to propose a Chapter 11 plan to September 20, 2010, and the Debtor's exclusive period to solicit acceptances to its Chapter 11 plan to November 19, 2010. *See* docket entry no. 108. Following the Debtor's fourth motion to extend the Exclusivity Periods, the Court extended the Debtor's exclusive period to propose a Chapter 11 plan to November 29, 2010, and the Debtor's exclusive period to solicit acceptances to its Chapter 11 plan to January 28, 2011. *See* docket entry no. 131.

56844.0004\YANGJ\SWDMS\12139695

1  The Debtor's prior motions to extend Exclusivity were based on the need for the Debtor to 2 ascertain the full amount of its liabilities in light of the fact that the Debtor's potential liability to 3 Joovy LLC was in the midst of being litigated in a trial pending the United States District Court 4 for the Northern District of Texas (the "Texas Action") and, more recently, to facilitate the 5 Debtor's plan confirmation proceedings.

6  The Texas Action has resulted in a judgment in favor of the Debtor's co-defendant, 7 absolving the Debtor of any liability. Now that the Texas Action has concluded, the Debtor has 8 been able to gain a fuller picture of the extent of its liabilities.

9  The Debtor filed its Disclosure Statement on July 26, 2010, and a hearing was held on 10 August 31, 2010. At that hearing, the Court directed the Debtor, on the one hand, and Gardner 11 and Joovy, on the other, to negotiate over the Debtor's proposed treatment of their claims. To 12 facilitate the negotiations, the Court continued the Disclosure Statement hearing to October 26, 13 2010, and extended the Exclusivity Periods to dates that were approximately 30 and 90 days after 14 the continued Disclosure Statement hearing (i.e., to November 29, 2010, and January 28, 2011, 15 respectively.)

16  The Debtor has used the extensions wisely. The Debtor made substantial progress 17 towards Plan confirmation by significantly altering its Plan and Disclosure Statement. As a 18 result, Gardner and Joovy withdrew their objections to the Disclosure Statement and Gardner – 19 though not Joovy – indicated a willingness to support the Plan. Although Joovy's support 20 remains elusive, the Debtor intends to keep trying. Meanwhile, the Court has scheduled the Plan 21 confirmation hearing for December 21, 2010, after the expiration of Exclusivity. The Debtor 22 believes that a corresponding extension of Exclusivity would facilitate negotiations with Joovy, 23 enable the Debtor to complete the reorganization process and prevent the potential disruption of a 24 competing plan.

25  ///
26  ///
27  ///
28  ///

## III.

## **THE COURT SHOULD EXTEND THE EXCLUSIVITY PERIODS**

Section 1121(b) of the Bankruptcy Code grants a debtor the exclusive right, for a period of 120 days after the petition date, to file a plan of reorganization. 11 U.S.C. § 1121(b) (2008). Section 1121(c) also gives debtors the exclusive right within an additional 60 days thereafter to solicit acceptances thereto. *Id.* § 1121(c). These periods may be extended for "cause":

> On request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section.

*Id.* § 1121(d).

Whether to grant a request to extend or shorten the exclusivity period lies within the sound discretion of the Bankruptcy Court. *In re Gibson & Cushman*, 101 B.R. 405, 409 (Bankr. E.D.N.Y. 1989). The "cause" standard set forth in Section 1121(d) has been referred to as a general standard allowing bankruptcy courts "maximum flexibility to suit various types of reorganization proceedings*." In re Public Service Co. of New Hampshire*, 88 B.R. 521, 534 (Bankr. D.N.H. 1988).

Courts consider several factors in determining whether cause exists to extend the exclusivity periods under Section 1121(d) of the Bankruptcy Code. These factors include, among others: (1) the necessity of sufficient time to permit the debtor to negotiate a plan and prepare adequate information; (2) the existence of good faith progress toward reorganization; (3) whether the debtor has demonstrated reasonable prospects for filing a viable plan; and (4) the amount of time which has elapsed in the case. *In re Dow Corning Corp.*, 208 B.;R. 661, 664-65 (Bankr. E.D. Mich. 1997).

In the present case, "cause" exists for extending the Exclusivity Periods. The Debtor has filed a viable Plan and is progressing in good faith towards reorganization. The Debtor filed its Disclosure Statement on July 26, 2010 (in advance of the then-current September 20, 2010 exclusivity deadline) and on October 26, 2010, the Court approved the Disclosure Statement (as amended). Gardner and Joovy filed the sole objection to the Disclosure Statement. Thereafter,

56844.0004\YANGJ\SWDMS\12139695

- 7 -

1  the Debtor responded to the objection, updated the financial projections appended to the

2  Disclosure Statement, and filed a substantially Amended Disclosure Statement on October 19,

3  2010. The Court approved the Disclosure Statement (as amended) on October 26, 2010. The

4  Disclosure Statement describes a viable Plan that proposes to pay creditors 100% of their claims.

5  Moreover, an unreasonable amount of time has not elapsed in this case. The Debtor filed its

6  petition on October 9, 2010. Approximately a year has elapsed since the Petition Date and the

7  Debtor has already obtained approval of its Disclosure Statement.

8      The relevant factors strongly favor granting the requested extension of the Debtor's

9  Exclusivity Periods. The Debtor has made substantial progress towards Plan confirmation.

10  Without exclusivity, there is a possibility that the Debtor will be forced to address competing

11  plans presenting significant distractions and hindrances to the Debtor's current reorganization

12  efforts. But a short extension of the Exclusivity Periods will enable the Debtor to complete its

13  Plan confirmation, solicitation, and balloting activities and – it is hoped – successfully conclude

14  its discussions with Joovy regarding an acceptable treatment for its alleged claim. In sum, ample

15  cause supports the brief extension of the Exclusivity Periods.

## IV.

## **CONCLUSION**

18      Based on the foregoing, the Debtor respectfully requests that the Court extend the

19  Debtor's exclusive period to file a Chapter 11 plan and disclosure statement through and

20  including January 27, 2011. The Debtor further requests an extension of the exclusive period to

21  solicit acceptances through March 28, 2011. Finally, the Debtor seeks such other and further

22  relief as the Court deems just and proper.

24  Dated: November 2, 2010                        Respectfully submitted,

25                                                          SNELL & WILMER L.L.P.

27                                 By:   /s/ Michael B. Reynolds
                                        Michael B. Reynolds

28                                          Jasmin Yang
                                        Attorneys for Baby Trend, Inc.

Snell & Wilmer L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

56844.0004\YANGJ\SWDMS\12139695

## DECLARATION OF MICHAEL B. REYNOLDS

I, Michael B. Reynolds, declare as follows:

1. I am an adult over the age of 18 years and am a partner with the law firm of Snell & Wilmer L.L.P., counsel of record for Baby Trend, Inc., the Debtor and Debtor-in-Possession herein (the "Debtor" and/or "Baby Trend"). I make this declaration in support of the Debtor's Motion (the "Motion") for an extension of the periods within which it (the Debtor) has the exclusive right to propose a chapter 11 plan and to solicit acceptances thereto (the "Exclusivity Periods.") If called upon to do so, I could and would competently testify to the matters set forth herein, which are set forth on my own personal knowledge.

2. On July 26, 2010, the Debtor filed its "Disclosure Statement Describing Chapter 11 Plan of Reorganization Proposed by Baby Trend, Inc." (the "Disclosure Statement"). A hearing on the approval of the Disclosure Statement took place on August 31, 2010. However, the Court did not approve the Disclosure Statement at the hearing. Instead, to facilitate negotiations between the Debtor and the two objecting creditors – Robert Gardner III ("Gardner") and Joovy, LLC ("Joovy"), the Court continued the hearing on the Disclosure Statement to October 26, 2010, and (shortly thereafter) continued the Exclusivity Periods to November 29, 2010, and January 28, 2011.

3. In an effort to obtain Mr. Gardner's support for the Plan, the Debtor made substantial amendments to the Plan and Disclosure Statement and the Plan's treatment of Gardner's claim. On October 19, 2010, the Debtor filed its First Amended Disclosure Statement. Gardner did not object to this Disclosure Statement. Joovy initially objected, but then withdrew its objections. However, Joovy indicated its intent to object to the Plan, while Gardner indicated he would not object.

56844.0004\YANGJ\SWDMS\12139695

- 9 -

    4.      The Disclosure Statement, as amended, was approved by the Court at the hearing on October 26, 2010. A formal order will be pending.

    5.      At the Disclosure Statement hearing, the Court scheduled the hearing on confirmation of the Plan for December 21, 2010. Meanwhile, the Debtor's Exclusivity Periods are scheduled to expire after November 29, 2010, and January 28, 2011, respectively.

    6.      The Debtor's prior motions to extend Exclusivity were based on the need for the Debtor to ascertain the full amount of its liabilities in light of the fact that the Debtor's potential liability to Joovy LLC was in the midst of being litigated in a trial pending the United States District Court for the Northern District of Texas (the "Texas Action") and, more recently, to facilitate the Debtor's plan confirmation proceedings.

    7.      The Texas Action has resulted in a judgment in favor of the Debtor's co-defendant. It is the Debtor's contention that this ruling absolves the Debtor of any liability. Now that the Texas Action has concluded, the Debtor has been able to gain a fuller picture of the extent of its liabilities.

    8.      Accordingly, the Debtor filed its Disclosure Statement on July 26, 2010, and a hearing was held on August 31, 2010. At that hearing, the Court directed the Debtor, on the one hand, and Gardner and Joovy, on the other, to negotiate over the Debtor's proposed treatment of their claims. To facilitate the negotiations, the Court continued the Disclosure Statement hearing to October 26, 2010, and extended the Exclusivity Periods to dates that were approximately 30 and 90 days after the continued Disclosure Statement hearing (i.e., to November 29, 2010, and January 28, 2011, respectively.)

    9.      In the meantime, the Debtor has made substantial progress towards Plan confirmation by significantly altering its Plan and Disclosure Statement. As a result, Gardner and

56844.0004\YANGJ\SWDMS\12139695

- 10 -

Joovy withdrew their objections to the Disclosure Statement and Gardner – though not Joovy – indicated a willingness to support the Plan.  Nevertheless, the Debtor intends to keep trying to win Joovy's support for an acceptable Plan.  Meanwhile, the Court has scheduled the Plan confirmation hearing for December 21, 2010, after the expiration of Exclusivity.  We believe that a corresponding extension of Exclusivity would facilitate negotiations with Joovy, enable the Debtor to complete the reorganization process and prevent the potential disruption of a competing plan.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed this 2nd day of November 2010, at Costa Mesa, California.

/s/ Michael B. Reynolds  
Michael B. Reynolds

56844.0004\YANGJ\SWDMS\12139695

| In re: BABY TREND, INC., | CHAPTER 11 |
|---|---|
| Debtor and Debtor-in-Possession | CASE NO. – 6:09-bk-34090-CB |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate a NEF because only orders that have been entered are placed on the CM/ECF docket.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 350 South Grand Avenue, Suite 2600, Los Angeles, California 90071. The foregoing documents described as: **NOTICE OF MOTION AND MOTION BY DEBTOR FOR ORDER EXTENDING EXCLUSIVE PERIODS WITHIN WHICH TO PROPOSE A CHAPTER 11 PLAN AND TO SOLICIT ACCCEPTANCES THERETO; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF MICHAEL REYNOLDS,** will be served or was served in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **November 2, 2010,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

**II. SERVED BY U.S. MAIL, PERSONAL DELIVERY, OR OVERNIGHT MAIL** (indicate method for each person or entity served)**:** On **November 2, 2010,** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope with postage thereon fully prepaid in the United States Mail and/or with an overnight mail service addressed as follows:

Judge Catherine E. Bauer          (via Federal Express)
United States Bankruptcy Court
Central District
3420 Twelfth Street
Riverside, CA  92501-3819

☒ Service information continued on attached page

**III. SERVED BY FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to Fed. R. Civ. Proc. 5 and/or controlling LBR, on _____, I served the following person(s) and/or entity(ies), who consented in writing to such service method, by facsimile transmission and/or email as follows:

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| November 2, 2010 | Digna B. Anonas | /s/ Digna B. Anonas |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

56844.0004\ANONASD\SWDMS\12049721.

## I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")

- Emily R Culler - eculler@omm.com
- Abram Feuerstein - abram.s.feuerstein@usdoj.gov
- Bernard R Given - bgiven@frandzel.com, efiling@frandzel.com;shom@frandzel.com;bgiven@frandzel.com
- Jeffrey I Golden - jgolden@wgllp.com
- Michael B Reynolds - mreynolds@swlaw.com, kcollins@swlaw.com
- James E Till - jtill@thelobelfirm.com, jmattiace@thelobelfirm.com;pnelson@thelobelfirm.com
- United States Trustee (RS) - ustpregion16.rs.ecf@usdoj.gov
- Jasmin Yang - jyang@swlaw.com

## II. TO BE SERVED BY U.S. MAIL:

Penny M. Costa
2029 Century Park East
Suite 800
Los Angeles, CA  90067-2909

**Debtor**
Baby Trend Inc
1607 S Campus Ave
Ontario, CA  91761

**US Trustee**
Office of United States Trustee
3685 Main Street Suite 300
Riverside, CA  92501

**Secured Creditors**
**Attorneys for Cathay Bank:**
Mike Fletcher
Bernard Given
Frandzel Robins Bloom & Csato, L.C.
6500 Wilshire Blvd., 17th Floor
Los Angeles, CA  90048-4920

**Attorney for Robert Gardner**
James Till
The Lobel Firm
840 Newport Center Drive
Suite 750
Newport Beach, CA  92660

**Requests for Special Notice:**

(None listed at this time)

**20 Largest Unsecured Creditors:**
Robert Gardner
c/o Steven R Young
Law Offices of Steven R Young
600 Anton Blvd Suite 650
Costa Mesa, CA  92626

Grand Pacific Trading Group
Jinglong Industrial Area
Qing Xi Town Dongguan City
Guang Dong, CHINA

Childwell Enterprise Corp
Yin Hu Industrial Zone
Ching Shi Jen Dongguan City
Canton Province, CHINA

Zhejiang Ch Lindo Co Ltd
No 658 Hongyan Rd
Economic Development Zone
Shangyu, Zhejiang 312330, CHINA

Universal Plastic Mold
13245 Los Angeles St
Baldwin, CA  91706

Continental Agency Inc.
1400 Montefino Ave Suite 200
Diamond Bar, CA  91765

MDB Transportation
6802 Watcher St
Commerce, CA  90040

56844.0004\ANONASD\SWDMS\12049721.

- 2 -